IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| MICHAEL A. SOLOMON | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-14-03638 |
| CAPITAL ONE BANK USA, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

This case arises from the denial of Plaintiff Michael A. Solomon's ("Plaintiff's") request for a mortgage loan modification by Defendant Capital One Bank USA ("Defendant") – the servicer of Plaintiff's mortgage loan. *See* ECF No. 2 at ¶ 1. This Memorandum and accompanying Order address Defendant's Motion to Dismiss, ECF No. 11. The Court finds that a hearing is unnecessary in this case. *See* Local Rule 105.6 (Md.). For the reasons stated below, Defendant's Motion to Dismiss is GRANTED.

**I.   BACKGROUND**

In August 2006, Plaintiff executed a note for a mortgage loan in the amount of $360,000 for thirty (30) years at an annual interest rate of 7.2%. *See* ECF No. 2 at ¶ 7. After Plaintiff lost his job in June 2011, he began to experience financial hardship. *Id.* at ¶ 9. As a result, Plaintiff requested and applied for a loan modification under the government's Home Affordable Modification Program ("HAMP"), which was designed to assist borrowers to avoid foreclosure

by establishing a program to modify certain first lien mortgage loans secured by their primary residences. *Id.* at ¶¶ 10, 11. Although the exact dates of Plaintiff's applications are unclear from the complaint, it appears as though Plaintiff submitted several applications for HAMP modifications to Defendant periodically between 2011 and 2014. *Id.* at ¶ 17. At some unspecified point in time, Defendant informed Plaintiff that his loan would be modified. *Id.* at ¶ 18. The specific modifications are unclear from Plaintiff's complaint. Defendant informed Plaintiff that, in order for his loan modification to be effective, he was required to make a total of three (3) immediate payments. *Id.* at ¶ 19. Instead of making three payments, however, Plaintiff made only one payment on his loan. *Id.* at ¶ 18. Defendant rejected the single payment and demanded three payments in order for him to receive the requested modification. *Id.* at ¶ 20. Plaintiff contends that by refusing to implement his requested loan modification Defendant committed "illegal acts" that caused his mortgage loan arrears to "skyrocket." *Id.* at ¶ 21. Plaintiff therefore filed suit, *pro se*, in the Circuit Court for Montgomery County, Maryland against Defendant alleging wrongful denial of HAMP loan modification (Count I) and violation of Maryland Consumer Protection Act (Count II). *See id*. After removing that action to this Court on November 19, 2014 (*see* ECF No. 1), Defendant filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 11. For the reasons discussed below, the Court will grant Defendant's motion.

## II.   STANDARD OF REVIEW

The purpose of a motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The U.S. Supreme Court has recently clarified the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These

cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n. 3 (quoting Fed.R.Civ.P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

In deciding a motion to dismiss, the Court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 678-79. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. In so doing, the Court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Furthermore, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). To satisfy this standard, plaintiffs "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotation marks omitted) (citing *Harrison*, 176 F.3d at 784). "These facts are often referred to as the 'who, what, when, where, and how' of the alleged fraud." *Id*. (internal quotation marks omitted) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 384 (5th Cir. 2003)).

### III.  DISCUSSION

#### A.  Wrongful Denial of HAMP Loan Modification (Count I)

Count I of Plaintiff's complaint alleges that Defendant violated the HAMP Guidelines by denying his repeated requests for loan modifications. *See* ECF No. 2 at ¶¶ 5-22. "Congress, however, 'did not create a private right of action to enforce the HAMP Guidelines.'" *Johnson v. Nationstar Mortgage, LLC*, No. 14-02536, 2014 WL 5377636, at *2 (D. Md. Oct. 21, 2014) (quoting *Allen v. CitiMortgage, Inc.*, No. 10-2740, 2011 WL 3425665, at *8 (D. Md. Aug. 4, 2011)); *see also In re Lisier*, No. 09-17326, 2010 WL 4941475, at *2 (Bankr. D. Md. Nov 24, 2010) ("Congressional intent expressly indicates that compliance authority was delegated solely to Freddie Mac. By delegating compliance authority to one entity . . . Congress intended that a private cause of action was not permitted.") (citation omitted). Indeed, numerous courts have held that borrowers cannot sue their mortgage loan servicer for violating the HAMP Guidelines. *See e.g.*, *Legore v. OneWest Bank, FSB*, 898 F. Supp. 2d 912, 917 (D. Md. 2012); *Akinkoye v. Wells FargoHome Mortg.*, No. 11-2336, 2011 WL 6180210, at *4-5 (D. Md. Dec. 12, 2011); *Ramos v. Wells Fargo Home Mortgage*, No. 11-03130, 2012 WL 261308, at *3 (D. Md. Jan. 26, 2012) *aff'd*, 473 F. App'x 260 (4th Cir. 2012); *Johnson*, No. 14-02536, 2014 WL 5377636. Accordingly, Count I of Plaintiff's complaint must be dismissed.

Although the Court agrees with Defendant that HAMP does not create a private right of action, "this does not mean that defendants are 'wholly immunized for their conduct so long as the subject of the transaction is associated with HAMP.'" *Legore*, 898 F. Supp. 2d at 917 (quoting *Allen*, 2011 WL 3425665, at *4). State law claims may be proper vehicles for bringing

claims associated with HAMP. *See Allen*, 2011 WL 3425665, at *5. As such, the Court will consider whether Plaintiff's remaining state law claim survives Defendant's motion to dismiss.

### B.     Violation of Maryland Consumer Protection Act (Count II)

Plaintiff's second cause of action alleges violations of the Maryland Consumer Protection Act ("MCPA"). The MCPA prohibits the commission of unfair or deceptive trade practices, which include making a "false . . . or misleading oral or written statement . . . or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers." Md. Cd. § 13-301(1). To state a claim under the MCPA, Plaintiff must allege "(1) an unfair or deceptive practice or misrepresentation that (2) is relied upon, and (3) causes [them] actual injury." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 768 (D. Md. 2012) (citing *Lloyd v. Gen. Motors Corp.,* 916 A. 2d 257, 277 (Md. 2007)). "Because the . . . MCPA claim sounds in fraud, it is subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b)." *Allen*, 2011 WL 3425665, at *9. Rule 9(b) states that "in alleging a fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Superior Bank, F.S.B. v. Tandem Nat'l Mortg., Inc.*, 197 F. Supp. 2d 298, 313-14 (D. Md. 2000) (quoting *Windsor Assocs., Inc. v. Greenfeld*, 564 F. Supp. 273, 280 (D. Md. 1983)). Such allegations typically "include the 'time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what [was] obtained thereby.'" *Id.*

Even viewing the allegations in the light most favorable to Plaintiff (as it must), the Court still comes to the conclusion that Plaintiff has failed to allege a violation of the MCPA with sufficient particularity. At best, Plaintiff baldly alleges that Defendant made "false or misleading oral or written statement(s) or other representation of any kind which had the capacity, tendency,

or effect of deceiving or misleading the Plaintiff; and [] fail[ed] to state a material fact and th[at] failure deceived or tended to deceive the Plaintiff[]." ECF No. 2 at ¶ 29. But this threadbare and conclusory allegation is entirely insufficient to state a claim under the heightened pleading standard applicable to actions brought under the MCPA. Specifically, Plaintiff's allegation fails to indicate the time, place, or content of the alleged misrepresentations. *See Superior Bank*, 197 F. Supp. 2d at 313-14. Nor does Plaintiff allege what the "material fact" was that Defendant allegedly failed to disclose. Plaintiff has therefore failed to plead the requisite "who, what, where, when, why, and how" of the alleged fraudulent misrepresentations. *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. 10-3517, 2011 WL 3476994, at *19 (D. Md. Aug. 8, 2011) *aff'd.*, 526 F. App'x 255 (4th Cir. 2013); *see also Akinkoye v. Wells Fargo HomeMortg.*, No. 11-2336, 2011 WL 6180210, *6 (D. Md. Dec. 12, 2011) (dismissing MCPA claim brought by borrower against mortgage service constructive fraud claim because the complaint fails to allege "the time, place, or content of the alleged misrepresentations").[1]

Furthermore, to the extent Plaintiff bases its MCPA claim on his allegation that "the Defendant denied [sic] to review the Plaintiff's HAMP application" (ECF No. 2 at ¶ 31), that allegation is entirely inconsistent with other allegations in his complaint that indicate that Defendant *did* review Plaintiff's application and, in fact, granted his modification request conditioned on him making three loan payments, which he failed to do. *See id.* at ¶ 19 The Court is therefore not required to construe this contradictory allegation in the light most favorable to Plaintiff. *See Saravia v. Select Portfolio Servicing, Inc.*, No. 13-01921, 2014 WL 2865798, at *7 (D. Md. June 23, 2014) ("With contradictory factual allegations, the Court cannot find a claim

---

[1] The Court notes that the only representation allegedly made by Defendant was that Defendant could not modify Plaintiff's loan unless and until Plaintiff made three payments on his existing loan. *See* ECF No. 2 at ¶¶ 19-20. Plaintiff, however, does not contend that this representation was either false or misleading.

with 'facial plausibility' under the standards as set forth in *Iqbal*.") (citation omitted); *see also Ramos v. Bank of Am., N.A.,* No. 11-3022, 2012 WL 5928732, at *4 (D. Md. Nov.26, 2012) ("[W]hen a complaint contains inconsistent and self-contradictory statements, it fails to state a claim.") (citations omitted).

Even if Plaintiff could identify any misrepresentation made by Defendant (which he has not), his MCPA claim would still fail because he does not allege that he *relied* on any false and misleading statements. "To establish reliance under the MCPA, Plaintiff[] must plead and prove that the false or misleading statement substantially induced [his] choice." *Currie v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 788, 798 (D. Md. 2013). Here, Plaintiff has not pleaded sufficient facts from which one can plausibly infer the existence of any statements or representations made by Defendant that induced him to take any action or that they "substantially" induced any choice he made. *See id.* (dismissing plaintiffs' MCPA because they "have not pleaded sufficient facts from which one can plausibly infer that these allegedly erroneous statements contained in judicial filings induced them to take any action or that they 'substantially' induced any choice"). The Court must therefore dismiss Plaintiff's MCPA claim.[2]

## IV. CONCLUSION

For the reasons discussed, the Court will GRANT Defendant's Motion to Dismiss, ECF No. 11.

---

[2] In his opposition to Defendant's motion to dismiss, Plaintiff attempts to assert a claim for constructive fraud. *See* ECF No. 14 at 3-4. It is well-established, however, that a plaintiff cannot amend his or her complaint through the use of opposition briefs. *Zachair, Ltd. v. Driggs,* 965 F.Supp. 741, 748 n. 4 (D.Md.1997), *aff'd,* 141 F.3d 1162 (4th Cir.1998) (unpublished table opinion); *see also Uzoukwu v. Prince George's Cmty. Coll. Bd. of Trustees*, No. 12-3228, 2013 WL 4442289, at *6 (D. Md. Aug. 15, 2013).

Dated: December 19, 2014 /S/
George Jarrod Hazel
United States District Judge